UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JOHN ADKINS,

    Plaintiff,

vs.

MARK MAIDA, individually, and
BRICO LLC, a Florida Limited Liability
company

    Defendants.
_____/

## COMPLAINT

Plaintiff, JOHN ADKINS ("Plaintiff"), by and through the undersigned counsel, hereby sue Defendant MARK MAIDA, individually and BRICO LLC, a Florida Limited Liability company ("Defendants"); and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for unpaid leave and retaliation under the Families First Coronavirus Response Act, 29 C.F.R. Part 826 (2020) ("FFCRA") and for fraud.

2. This Court has jurisdiction over Plaintiff's FFCRA claims pursuant to 29 U.S.C. §§ 216 and 217.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FFCRA.

4. Defendant, BRICO, LLC, is the entity which paid Plaintiff for all hours worked for Defendants.

5. Defendant, MARK MAIDA, is a corporate officer of and exercised operational control over

1

the activities of corporate Defendant BRICO, LLC.

6. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida and payment was due in Miami-Dade County, Florida.

7. Declaratory, injunctive, legal, and equitable relief are sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

9. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff began working for Defendants on or about June 16, 2017 and continued working until May 8, 2020 when he was discharged without pay.

11. On or about June 16, 2017 Plaintiff and Defendants, BRICO, LLC, and MARK MAIDA entered into an Agreement ("the Agreement") whereby the Plaintiff was hired as Southern Division Director of Sales.

12. Plaintiffs job duties included: (1) managing Defendant's locations in Melbourne, Miami, Margate, and West Palm Beach; (2) training SR buyers, buyers, greeter-processors; (3) appraise, close, manage; and (4) audit observation with an auction coordinator.

13. The Agreement compensation plan provided that plaintiff would be paid $78,000 yearly ($1,500.00 per week) upon completion of a training period of thirty (30) to forty-five (45) days.

14. In addition to this salary, the Agreement provided that Defendants would compensate plaintiff 0.5% of gross profits for each of the four locations he managed: Melbourne Miami, Margate and West Palm Beach.

15. At the time of formation of the subject Agreement, Defendants, MARK MAIDA and BRICO, LLC made a false representation of a material fact regarding the payments of commissions which was expressly provided for in the agreement, knowing at all times prior to execution of the Agreement that Defendants never intended to honor the terms of the Agreement.

16. Plaintiff relied on Defendant's false representations to his detriment and executed the Agreement based upon these materially false representations. The payment of the 0.5% gross profits for the four locations plaintiff agreed to manage was a material term of the Agreement and defendants intentionally misled plaintiff into thinking that he would be paid these commissions, in addition to his salary, knowing this was false at the time of the formation of the Agreement.

17. Plaintiff voiced his first complaint to Defendant, Mr. Mark Maida during a phone conversation on or about January 2018 when payment of commissions and salary was due. Defendant, Mr. Maida fraudulently advised Plaintiff that his books for BRICO, LLC were not yet closed and abruptly terminated the telephone call with Plaintiff.

18. The following time plaintiff requested his commissions, in February of 2019 Defendant, Mr. Maida, told him that he would speak to him in person. When they met in March of 2019, Mr. Maida told him that he was going to "adjust the payment plan." Plaintiff never agreed to such an adjustment.

19. The last time that plaintiff complained to defendant, in February of 2020, Mr. Maida,

regarding his commissions, Mr. Maida's response was, "Why is this the third time that I am hearing about this?"

20. To this day, Plaintiff has never received the commissions that he is owed per the agreement entered into between Defendant and Plaintiff.

21. Defendants owe Plaintiff's commissions for the 0.5% gross profits of the stores listed in the agreement.

22. As a result of the Defendant's false representations, plaintiff has suffered damages and was forced to hire an attorney.

23. Upon information and belief, approximately during March 15, 2020, Plaintiff contracted COVID-19

24. On March 20, 2020, Defendant, Mark Maida, wrote an email to Plaintiff stating he was being laid off due to the Coronavirus

25. On or about March 2020 to October 2020, Plaintiff took approximately ten (10) days off of work in order to care for his minor child due to the COVID-19 related closures of schools and daycares in Miami-Dade County.

26. Against Plaintiff's objections, Defendant did not provide paid leave afforded employees under the FFCRA. Instead, Defendant reduced Plaintiff's personal time off.

27. Defendant did not object to the Plaintiff taking off the approximately ten (10) days of work in order for Plaintiff to care of his children.

28. On or about October 5, 2020, Defendant terminated Plaintiff's employment and did not allow Plaintiff to re-commence work for Defendant.

29. Plaintiff's work prior to discharge was satisfactory or more than satisfactory.

## COUNT I
### *Interference with Rights under the FFCRA against MARK MAIDA*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

31. Plaintiff is an employee within the meaning of the FFCRA, 29 C.F.R. § 826.10 (2020).

32. Plaintiff is an individual entitled to paid leave under the FFCRA, 29 C.F.R. § 826.20 (2020).

33. Defendant is an employer within the meaning of the FFCRA, 29 C.F.R. § 826.10 (2020).

34. Defendant is an employer obligated to provide paid leave under the FFCRA, 29 C.F.R. § 826.40 (2020).

35. Defendant's actions interfered with Plaintiff's lawful exercise of his FFCRA rights, constituting violations of the FFCRA, 29 C.F.R. §§ 826.150 - 826.151 (2020).

36. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Award Plaintiff actual damages in the amount shown to be due for unpaid leave, with interest; and

   b. Award Plaintiff an equal amount in double damages/liquidated damages; and

   c. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   **d.** Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation under the FFCRA against MARK MAIDA*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

38. Plaintiff is an employee within the meaning of the FFCRA, 29 C.F.R. § 826.10 (2020).

39. Plaintiff is an individual entitled to paid leave under the FFCRA, 29 C.F.R. § 826.20 (2020).

40. Defendant is an employer within the meaning of the FFCRA, 29 C.F.R. § 826.10 (2020).

41. Defendant is an employer obligated to provide paid leave under the FFCRA, 29 C.F.R. § 826.40 (2020).

42. Defendant's actions interfered with Plaintiff's lawful exercise of his FFCRA rights, constituting violations of the FFCRA, 29 C.F.R. §§ 826.150 - 826.151 (2020).

43. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Award Plaintiff actual damages in the amount shown to be due for unpaid leave, with interest; and

   b. Award Plaintiff an equal amount in double damages/liquidated damages; and

   c. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   d. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Interference with Rights under the FFCRA against BRICO LLC*

44. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

45. Plaintiff is an employee within the meaning of the FFCRA, 29 C.F.R. § 826.10 (2020).

46. Plaintiff is an individual entitled to paid leave under the FFCRA, 29 C.F.R. § 826.20 (2020).

47. Defendant is an employer within the meaning of the FFCRA, 29 C.F.R. § 826.10 (2020).

48. Defendant is an employer obligated to provide paid leave under the FFCRA, 29 C.F.R. § 826.40 (2020).

49. Defendant's actions interfered with Plaintiff's lawful exercise of his FFCRA rights, constituting violations of the FFCRA, 29 C.F.R. §§ 826.150 - 826.151 (2020).

50. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Award Plaintiff actual damages in the amount shown to be due for unpaid leave, with interest; and

   b. Award Plaintiff an equal amount in double damages/liquidated damages; and

   c. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   d. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Retaliation under the FFCRA against BRICO LLC*

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 of this complaint as if set out in full herein.

52. Plaintiff is an employee within the meaning of the FFCRA, 29 C.F.R. § 826.10 (2020).

53. Plaintiff is an individual entitled to paid leave under the FFCRA, 29 C.F.R. § 826.20 (2020).

54. Defendant is an employer within the meaning of the FFCRA, 29 C.F.R. § 826.10 (2020).

55. Defendant is an employer obligated to provide paid leave under the FFCRA, 29 C.F.R. § 826.40 (2020).

56. Defendant's actions interfered with Plaintiff's lawful exercise of his FFCRA rights, constituting violations of the FFCRA, 29 C.F.R. §§ 826.150 - 826.151 (2020).

57. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Award Plaintiff actual damages in the amount shown to be due for unpaid leave, with interest; and

b. Award Plaintiff an equal amount in double damages/liquidated damages; and

c. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

d. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### Fraud/Intentional Misrepresentation against BRICO LLC

58. Plaintiff re-alleges and incorporates paragraphs 1 through 29 of this complaint as if fully set forth herein.

59. As more fully set forth in paragraphs incorporated herein, Defendant through its employee and/or agent, lead plaintiff to believe that the terms and conditions agreed upon would be timely satisfied by Defendant. Those representations were false.

60. Specifically, Defendant, BRICO, LLC, through its agents and/or representatives, agreed to pay Plaintiff commissions, in addition to his salary.

61. However, Defendant misrepresented the fact that Plaintiff would be entitled to 0.5% of the gross profits from the four (4) stores that he managed.

62. Defendant led Plaintiff to believe that the commissions would be paid within a reasonable time, knowing that they were not going to make the necessary efforts to calculate the 0.5% of the gross profits from these stores while he managed them.

63. Defendant knew the representations were false when it made such representations or

made the representations recklessly without any knowledge of their truth because Defendant at that time, never intended to pay Plaintiff according to those representations Defendant made to the Plaintiff.

64. Defendant mislead Plaintiff in this regard and its actions were willful, deliberate, malicious, and fraudulent, and furthermore, were conducted with conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of exemplary or compensatory damages.

65. Defendant knowingly made the aforementioned false representations with the intent that such false representations should be relied upon by Plaintiff.

66. Plaintiff expended substantial time and money in his effort to hold up his end of the agreement.

67. The representations described above were false when made, were known by the makers to be false when made and were made with the intention that Plaintiff act upon such representations.

68. Plaintiff would not have entered into said Agreement had the true nature of Defendants' actions been known to Plaintiff.

69. As a result of the foregoing, Plaintiff was damaged.

70. As a direct and proximate result of Defendants' intentional misrepresentations, Plaintiff has been damaged in an amount well in excess of the jurisdictional limits of this Court, to be proven at trial. Therefore, because Plaintiff sustained a pecuniary loss as a result of the intentional fraud described in this Count, Plaintiff is entitled to recover compensatory damages.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for compensatory damages, prejudgment interest, attorney's fees and costs, and for such other relief

as is just and proper, and a trial by jury.

## COUNT VI
*Fraud/Intentional Misrepresentation against MARK MAIDA, individually*

71. Plaintiff re-alleges and incorporates paragraphs 1 through 29 of this complaint as if fully set forth herein.

72. As more fully set forth in paragraphs incorporated herein, Defendant through its employee and/or agent, lead plaintiff to believe that the terms and conditions agreed upon would be timely satisfied by Defendant. Those representations were false.

73. Specifically, Defendant, MARK MAIDA, agreed to pay Plaintiff commissions, in addition to his salary.

74. However, Defendant misrepresented the fact that Plaintiff would be entitled to 0.5% of the gross profits from the four (4) stores that he managed.

75. Defendant led Plaintiff to believe that the commissions would be paid within a reasonable time, knowing that they were not going to make the necessary efforts to calculate the 0.5% of the gross profits from these stores while he managed them.

76. Defendant knew the representations were false when it made such representations or made the representations recklessly without any knowledge of their truth. Defendant mislead Plaintiff in this regard and its actions were willful, deliberate, malicious, and fraudulent, and furthermore, were conducted with conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of exemplary or compensatory damages.

77. Defendant made the aforementioned false representations with the intent that such false representations should be relied upon by Plaintiff.

78. Defendant knew the representations were false when it made such representations made the representations recklessly without any knowledge of their truth because Defendant at that time, knowingly never intended to pay Plaintiff according to those representations Defendant made to the Plaintiff.

79. Plaintiff expended substantial time and money in his effort to hold up his end of the agreement.

80. The representations described above were false when made, were known by the makers to be false when made and were made with the intention that Plaintiff act upon such representations.

81. Plaintiff would not have entered into said Agreement had the true nature of Defendants' actions been known to Plaintiff.

82. As a result of the foregoing, Plaintiff was damaged.

83. As a direct and proximate result of Defendants' intentional misrepresentations, Plaintiff has been damaged in an amount well in excess of the jurisdictional limits of this Court, to be proven at trial. Therefore, because Plaintiff sustained a pecuniary loss as a result of the intentional fraud described in this Count, Plaintiff is entitled to recover compensatory damages.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for compensatory damages, prejudgment interest, attorney's fees and costs, and for such other relief as is just and proper, and a trial by jury.

## **JURY DEMAND**

      Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: December 15, 2021                      Respectfully submitted,

                                                      /s/ Peter M. Hoogerwoerd
                                                      Peter M. Hoogerwoerd, Esq.
                                                      Fla. Bar No.: 0188239
                                                      pmh@rgpattorneys.com
                                                      ***Remer & Georges-Pierre, PLLC***
                                                      44 West Flagler Street, Suite 2200
                                                      Miami, FL 33130
                                                      (305) 416-5000- Telephone
                                                      (305) 416-5005- Facsimile